## Hill v. Mayusky (No. 3)

*Daniel W. Kearney* and *Frank J. Rejevich,* for plaintiff.

*Richard H. Klein,* for defendants.

TROUTMAN, J., June 27, 1960.—On December 10, 1959, defendants served upon plaintiff a request for admissions as to certain documents under the provisions of Pa. R. C. P. 4014 and directed that plaintiff answer the same within 10 days after the service of the request upon her. Plaintiff filed objections to this request which were subsequently dismissed by the court in a written opinion filed on April 4, 1960, and directed plaintiff to file answers to the said request within 10 days. On April 14, 1960, the plaintiff filed answers to the said request for admissions.

On May 6, 1960, a period of 20 days following the filing of her answer to defendant's request, she directed the prothonotary to place the case on the trial list. On May 16, 1960, defendants served a written notice on plaintiff that a motion would be presented by them to the court on May 23, 1960, requesting the court to strike off plaintiff's answer to defendants' request for admissions and direct plaintiff to file a more specific answer directing her to either admit or deny each request or, in the alternative, to enter an order in accordance with the provisions of Pa. R.C.P. 4014, deciding that every matter of which an admission was requested by defendants had been admitted by plaintiff by her failure to file a direct sworn denial thereto. This motion was finally presented to the court on June 6, 1960, through no fault of defendants.

Plaintiff orally objected to the granting of the motion as requested by defendants for the reason that it was not timely made, that the motion lacked merit and that the motion as presented by defendants was not the proper procedure to attack an alleged inadequate answer.

No procedure is provided for determining, prior to

the time for trial, the sufficiency of the sworn denials, the adequacy of an explanation or the sufficiency of the answers. An answer which is, in fact, not an adequate sworn denial, or an adequate explanation of inability to admit or deny, violates subdivision (*b*) (1) of Pa. R. C. P. 4014 and is, therefore, the equivalent of an admission. The rule states that the matter is admitted unless the opponent prepares and serves such a denial or explanation. Any denial or explanation which fails to satisfy the requirement of the rule is no denial or explanation at all, and is no bar to the admission of the matter.

What should the inquirer do in such a situation? As is stated in Goodrich-Amram, §4014(*b*)8, in discussing rule 4014, he may, of course, do nothing, and wait until the trial, at which time he will ask the court to construe the answer as inadequate and as an admission. The risks in this are, of course, tremendous. If he is wrong in his interpretation of the answer, and if the court rules it to be adequate under subdivision (*b*) (1), he ends up at the trial with no admission and perhaps with no evidence available to submit to the jury on these facts. Since the purpose of the rule is to avoid unnecessary preparation or proof, the whole purpose would be lost if he had to prepare his proof in advance and have all his witnesses there to protect himself if the court ruled against him.

It is clear that proper administration of this rule necessitates some technique by which the sufficiency of a doubtful answer can be tested in limine so that the inquirer will know which facts are admitted and which facts must be proven at the trial. The rule provides no such technique, and the courts must use their inherent power to provide it. See Goodrich-Amram, §4014(*b*)8.

Inasmuch as the opponent under subdivision (*b*) (2) is permitted to object to the requests and to bring its

propriety or scope before the court for adjudication, the inquirer should have a similar right to secure a judicial examination of the sufficiency of the answer. The proper way to raise this question prior to trial, in the opinion of the court, is by filing preliminary objections to the answer in the nature of a demurrer to its sufficiency. As to the time in which such a preliminary objection should be filed, we are of the opinion that it should not be filed so late as to delay the trial of the case, applying by analogy the not to delay the trial standard of rule 1034. However, the court, in its discretion, should have the right to grant or refuse relief, depending on the good faith of the one who is seeking the admissions.

Inasmuch as the present case is one of first impression in this court, we shall treat defendants' motion as a preliminary objection in the nature of a demurrer to the sufficiency of the answers.

While the case was directed to be placed on the trial list by plaintiff on May 6, 1960, the consideration of defendant's motion at this time creates no undue hardship on the plaintiff. Rule XLII of the Court of Common Pleas of this county provides that the prothonotary shall put down upon the trial list all cases at issue at least 35 days before the commencement of each period fixed for the trial of civil causes. Plaintiff's praecipe to place the case on the trial list was filed less than 35 days and, therefore, was not listed on the trial list for the trial of civil cases beginning June 6, 1960, but would have necessarily gone on the October 1960 list.

Proceeding to the merits of defendant's motion, it is their contention that the answers to subdivisions (a), (b) and (c) of the first question propounded to plaintiff are insufficient in that plaintiff refers to the release in question, the execution and delivery of which by plaintiff is requested to be admitted, as a true

and correct copy of the *purported* release and then sets forth that she lacked sufficient mental capacity to comprehend the nature of the instrument she was signing or understand the effect of her act, nor did she have sufficient mental capacity to understand to whom delivery was made.

Since rule 4014 is limited only to an admission as to the genuineness or truth of any fact relating to its authenticity, correctness, execution, delivering, mailing or receipt, the illegality or the legal effect of the document or writing is not in question and cannot be decided under this rule. Therefore, the answers made by plaintiff are admissions that plaintiff did sign the release and that she did deliver the said release.

The same ruling by the court applies to the second request for admissions made by defendants wherein plaintiff uses the word "purported release" and sets forth that plaintiff lacked the mental capacity to comprehend the nature of her acts or the effect of the same.

The fact that plaintiff admits the execution and delivery of the releases or documents in question is only an admission as to the fact of execution and delivery and is not an admission as to the legal effect of the same. The mental capacity of plaintiff would be a question to be decided on the trial of the case.

We therefore hold that plaintiff's answer to the defendants' requests for admissions admits that defendant's "exhibit A" is a true and correct copy of the original release and that it was signed and delivered by plaintiff. Plaintiff's answer further admits that "exhibit B" attached to defendants' amended answer to plaintiff's amended complaint is a true and correct copy of a release dated August 15, 1958, in favor of plaintiff and signed "Nationwide Ins. Co. by Charles E. Hewlett, F. C." and that the original release was signed by Charles E. Hewlett and delivered by him to plaintiff on August 15, 1958.

### Order

And now, to wit, June 27, 1960, plaintiff's motion in respect to the request to strike off plaintiff's answer to defendants' request for admissions is hereby refused, but it is hereby granted as to the alternative relief sought and is hereby decreed that plaintiff, by her answer, admits that defendants' "exhibit A" attached to its answer is a true and correct copy of the original release, signed and delivered by plaintiff and that defendants' "exhibit B" attached to its amended answer is a true and correct copy of the original release given to plaintiff by Charles E. Hewlett and was duly signed and delivered by the said Charles E. Hewlett to plaintiff.

Let an exception be noted for plaintiff.